## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DANIELLE SCARPELLINO, Individually and as Next Friend of Minor Child JOHN DOE SCARPELLINO; MEA SCARPELLINO; WILLIAM MAISANO, Individually and as Next Friend of Minor Child JANE DOE MAISANO; GAGE MAISANO; TIM CHAMBERLAIN, Individually and as Next Friend of Minor Child JOHN DOE CHAMBERLAIN; and ELIZA CHAMBERLAIN LINDSAY,

          Plaintiffs,

  v.

PAUL FREEMAN; JAMES PAPPA; E. MICHAEL REGAN; GIANCARLO MORENO; KATHLEEN BALESTRACCI; KARA DAVIS; BRUCE SUMNER; and GUILFORD BOARD OF EDUCATION,

          Defendants.

Civil Action No.
3:22-cv-1130 (CSH)

**MARCH 25, 2025**

## RULING ON DEFENDANTS' MOTION TO DISMISS CLAIMS BY ADULTS BROUGHT ONLY BY NEXT FRIENDS FOR FAILURE TO PROSECUTE UNDER NAME[S] OF REAL PART[IES]  IN INTEREST [Doc. 37]

**HAIGHT, Senior District Judge**:

## I.  INTRODUCTION

All named Defendants have moved to dismiss the claims originally brought by the parents of three minors as "next friends."  Doc. 37.  Said minors are now adults and include Jane Doe Scarpellino, John Doe Maisano, and Jane Doe Chamberlain.  However, because the minors have

reached the age of majority in Connecticut, 18 years of age, Defendants argue that the parents lack standing to continue to pursue these claims so they should be dismissed.[1]  As described below, after Defendants filed their motion to dismiss, the Court granted Plaintiffs' request to substitute the former minors as the real parties with respect to their claims. Doc. 40 & 46.  Defendants' motion will be denied as moot.

## II.  DISCUSSION

In their motion to dismiss, Defendants asserted that, pursuant to Rule 17(a) of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest."  Therefore, a parent loses status as a real party in interest if that parent brought the action on behalf of a minor who then reaches the age of majority during the litigation and is not incompetent.  Doc. 38, at 3 (citing, *inter alia*, *Heard v. Thomas*, No. 2:20-CV-2335-MSN-CGC, 2022 WL 1431083, at *3 (W.D. Tenn. May 5, 2022) ("remov[ing] April Heard as Parent and Next Friend of D.H., while retaining April Heard as a party Plaintiff in her individual capacity;" and denoting "Plaintiff 'D.H.' as Plaintiff Derrickia Heard, a second Plaintiff, because she has now attained the age of majority in Tennessee")).

The Second Circuit has articulated that a district court "has the constitutional power to substitute a real party in interest to avoid mooting a case and Rule 17(a)(3) is an appropriate procedural mechanism for doing so."  *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.,* 906 F.3d 215, 219 (2d Cir. 2018).  Specifically, in "determining whether a case has become moot," a district court "maintains jurisdiction to determine whether a substitute plaintiff would avoid that

---

[1] Under Connecticut law, "any person eighteen years of age or over shall be an adult for all purposes whatsoever" and "have the same legal capacity, rights, powers, privileges, duties, liabilities and responsibilities" as an adult. Conn. Gen. Stat. § 1-1d.

result." *Klein*, 906 F.3d at 218.    "Rule 17(a)(3) allows substitution of the real party in interest so long as doing so does not change the substance of the action and does not reflect bad faith from the plaintiffs or unfairness to the defendants." *Id.*    Specifically, the text of Rule 17(a)(3) states:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).

In the case at bar, Plaintiffs moved to substitute Mea Scarpellino, Eliza Chamberlain Lindsay, and Gage Maisano as real parties so that they could prosecute the claims then asserted on their behalf by their parents as next friends.  Doc. 40, at 1.  Each of the proposed parties for substitution had reached the age of majority and, pursuant to Court Order, they provided affidavits to "confirm[ ] their present ages and current desire to pursue the claims pending in this action." Doc. 43, at 2.  *See also* Doc. 45-1 (Affidavit of Mea Scarpellino), Doc. 45-2 (Affidavit of Gage Maisano), and Doc. 45-3 (Affidavit of Eliza Chamberlain Lindsay).

Having received proof of the said three former minors' majority and their intention to pursue their claims on their own behalf, the Court granted Plaintiffs' "Motion to Substitute Parties" [Doc. 40].  *See* Doc. 46 ("Order," dated February 13, 2025).  The Court substituted each of the three former minors in place of his or her named "next friend" parent.  Under these circumstances, their claims were allowed to proceed. As reflected in the case caption, Mea Scarpellino, Gage Maisano, and Eliza Chamberlain Lindsay are now named Plaintiffs in the case, having reached the age of majority and replaced their parents as next friends.

### III.  CONCLUSION

For the foregoing reasons, Defendants' "Motion to Dismiss" [Doc. 37] is DENIED as moot.

The case will proceed with the Plaintiffs  named in the current, revised case caption [Doc. 45-4].

Plaintiffs Mea Scarpellino, Gage Maisano, and Eliza Chamberlain Lindsay may pursue their claims

as real parties in interest, each in his/her own name and right.

It is SO ORDERED.

Signed: New Haven, Connecticut
              March 25, 2025

*/s/Charles S. Haight,Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

4